BURTON *et al. v.* EAST POINT MOTORS INCORPORATED.

No. 18246.   Argued June 10, 1953—Decided July 13, 1953.

*Jno. M. Slaton, J. Hugh Rogers* and *Mitchell & Mitchell,* for plaintiffs in error.

*James L. Flemister* and *Grant, Wiggins, Grizzard & Smith,* contra.

WYATT, Justice. 1. The evidence is undisputed that the plaintiffs knew as early as February, 1948, that the defendant planned to build an automobile salesroom and service department on the lots in question. At that time, no substantial construction had been made. The evidence further shows that, after the work was begun and progressed toward completion, the plaintiffs, although admitting they knew the building was being built and the use to which it was to be put, watched the day-by-day progress of the construction for almost eight months and until the building was almost complete and then filed their petition to enjoin its construction.

"Equity favors the vigilant, and does not extend its aid to the negligent or the sleepy. It will not stay the erection of a public building at the instance of parties who through remissness or indolence have slept over their rights until after another has expended large sums of money in the erection of the building." *Holt* v. *Parsons,* 118 *Ga.* 895, 897 (45 S. E. 690). See also *Wood* v. *Macon & Brunswick Railroad,* 68 *Ga.* 539. The petitioners in the instant case slept on their rights for a period of almost eight months while another spent large sums of money and incurred indebtedness in the erection of a building. The defendant tried to get the issue settled before he had incurred any great expense, and agreed with the plaintiffs to begin construction so they could seek an injunction before the expense had been incurred. The plaintiffs did not bring their suit for injunction until after the defendant, thinking that by their nonaction they had lost interest in the matter, proceeded with the construction of the building almost to completion. Equity must have regard to the respective diligence of the parties, and will not relieve one whose negligence and delay have placed it beyond the power of the court to extend him aid except at the expense of one who has been diligent. To do so would be unjust and inequitable.

2. The plaintiffs contend in their briefs that, even though they are not entitled to any relief in so far as the building itself is concerned, they are entitled to an injunction restraining the use of the driveway on the south side of the building, because the defendant paved it after this suit was brought and a temporary restraining order granted. We have carefully examined the record and can find no evidence as to when the driveway in question was paved. The only evidence as to the driveway is the testimony by the president of the defendant corporation, that "This driveway is a necessary appurtenance to the building. It is impossible to use the building for a garage without having a driveway out of it. We have been using that, and were using it, from March until October. We used the whole lot." This evidence is not contradicted in the record. If work was done on the driveway after a restraining order had been granted and suit filed to enjoin its construction, the plaintiffs had the burden of showing this by their evidence. They did not do so, and

therefore the driveway must stand on the same footing as the building.

It follows, it was not error to direct a verdict in favor of the defendant in the court below.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*