20833. BLACK *et al.* v. BARNES.

ARGUED MARCH 15, AND 16, 1960—DECIDED APRIL 4, 1960.

*Wm. G. Grant, Robert W. Spears,* for plaintiffs in error.

*F. L. Breen, Ray Gary, Betty Landers,* contra.

QUILLIAN, Justice. 1. In the view we take of this case, it will not be necessary to pass upon the many pendente lite rulings excepted to or to pass upon certain other questions presented by the record and argued in the briefs. One question is controlling and fully disposes of the case. That question is whether this plaintiff is estopped by laches or otherwise from enjoining the construction of this apartment-house project.

The uncontradicted evidence shows that the work was begun on the project on August 21, 1959, and continued until November 23, 1959, when it was halted by the injunction in the instant case. The plaintiff himself testified that he first heard that the property had been rezoned for apartment use in August, and that he saw the

work progressing from time to time during the period from August to November 23, 1959. It appears from the record that the plaintiff lived near the site. It further appears that, at the time the suit was filed on November 20, 1959, eight buildings were under construction and were in various stages of completion up to 2/3 complete; that the defendants had expended over $90,000 for labor and materials; had incurred indebtedness for materials purchased but not delivered of more than $17,000 plus the cost of the land, for a total outlay of $186,131.60. All of this was done within the full view of the plaintiff and with his knowledge over a period of about three months.

In *Whipkey* v. *Turner*, 206 Ga. 410 (2, 2a) (57 S. E. 2d 481), this court said: "Parties with knowledge that a building may be constructed pursuant to an ordinance and permit of a city (which ordinance and permit may be invalid), must be diligent and act promptly to protect their rights. Where, as in this case, the parties delayed bringing their action until such time as the defendant had expended large sums for materials and labor, and the building had progressed substantially according to the plan thereof, the plaintiffs are estopped by their acquiescence, or failure to proceed promptly."

"A party is not entitled to an injunction when, with full knowledge of his rights, he has been guilty of delay and laches in asserting them, and has negligently suffered large expenditures to be made by another party or when great injury would be inflicted by the grant of the injunction." *Holt* v. *Parsons*, 118 *Ga.* 895 (45 S. E. 690).

So, in the instant case, the plaintiff, who stood by for three months and with full knowledge of the facts allowed the defendants to complete substantial portions of the project and to expend large sums of money before he sought to enjoin the construction of the apartment, is estopped to seek to enjoin the completion of the project.

The plaintiff recognizes the rules as stated in the cases above cited. He contends, however, that they do not apply to this case because he had filed a suit in September against the defendants, which was dismissed by his seeking to enjoin the construction of these apartment houses. The petition in the previous case is in the record in this case; and even if the filing and dis-

missing of a suit and permitting construction to continue could be held to be of consequence, an examination of the petition in that case shows that it sought, not to enjoin the construction of the apartment houses, but to enforce an alleged restrictive covenant that the property could be used for White occupancy only. No mention was made in the petition that the construction did not comply with applicable zoning regulations. This was not sufficient to put the defendants on notice that there were other contentions to the effect that the construction of this project on this location was unlawful.

It therefore follows that the evidence on the interlocutory hearing demanded a finding that the petitioner was estopped by his delay to enjoin the completion of these apartment houses, and the judgment of the court below restraining their completion was an abuse of discretion and must be reversed.

2. In view of the ruling made above, which is a complete disposition of this case, certain rulings on the admission of evidence, certain constitutional questions, and certain other questions presented in this record need not be considered.

*Judgment reversed. All the Justices concur.*