22954.   TAYLOR et al. v. SMITH et al.

CANDLER, Justice.   E. Mace Smith, Jr., Betty Nelson Smith and George J. Sumner filed an equitable suit against James W. Taylor and Eloise V. Taylor.  The petition alleges: On May 6, 1947, R. S. Dorminey conveyed to E. W. Spooner a tract of land in Tift County containing 27 acres, more or less.  His deed contained the following clause: "This tract of land is conveyed for residential and farming purposes and no business property is to be erected thereon."  Spooner subdivided the tract in 1948 and caused a plat of it to be recorded in the office of the Clerk of the Superior Court of Tift County. Spooner sold lots in his subdivision and by conveyances either from him or his remote grantee, petitioners and defendants acquired lots therein on which they reside.  In 1958 the defendants erected a structure on their lot for storage use and in 1964 they remodeled such building and are using it for a beauty shop.  The remodeled structure is located near the respective homes of the petitioners and its use for a beauty shop is greatly depreciating their values and rendering them undesirable for residential purposes.  They prayed for an injunction temporarily and permanently restraining the defendants from using the remodeled storage structure on their property for beauty shop purposes.  The defendants demurred to the petition on general and special grounds.  It was amended to meet the grounds of special demurrer and after being thus amended, the demurrers were renewed to the petition as amended and other grounds of demurrer, both general and

special were interposed. All of the demurrers were overruled and there is an exception to that judgment. The case was heard on the pleadings and a stipulation of facts which raise only one issue, namely, does the restrictive covenant in the parties' deeds prohibit the use of the defendants' property for beauty shop purposes? The defendants were temporarily enjoined from using the building on their lot for such business purpose and they also excepted to that judgment. *Held:*

1. As a general rule, the owner of land in fee has a right to use his property for any lawful purpose, and any claim that there are restrictions upon the use of it must be clearly established, and any limitation upon the use thereof will be strictly construed, as limitations thereon by implication are not favored. Any doubt respecting restrictions on the use of property will be construed in favor of the grantee. *Voyles v. Knight,* 220 Ga. 305 (1) (138 SE2d 565), and the several cases there cited.

2. It is a cardinal rule of construction that deeds like other contracts should be construed so as to give full effect to the intention of the parties, and in the construction of such instruments the courts are not authorized to place a construction upon them which will defeat the intention of the parties thereto. *Huie v. McDaniel,* 105 Ga. 319 (1) (31 SE 189).

3. When a grantee accepts a deed to land and enters thereunder, he will be bound by the covenants contained therein although the deed has not been signed by him. *Code* § 29-102; *Lawson v. Lewis,* 205 Ga. 227 (52 SE2d 859). No precise or technical words are necessary to create a covenant but language which will evidence the intention of the parties that a covenant be created is sufficient and if the covenant is plainly expressed thereby and no ambiguity exists, the rule of strict construction does not apply. *Voyles v. Knight,* 220 Ga. 305, supra. That portion of the restrictive covenant here involved which reads, "This tract of land is conveyed for residential and farming purposes" is clearly a limitation on its use for those specific purposes and the remaining portion thereof which states that "no business property is to be erected thereon" is a restriction on the type of structure which may be erected thereon and constitutes a building restriction. The covenant in the defendants' deed therefore prohibits them from erecting a business structure on their lot and using it for beauty shop purposes or any other business use. Any other construction of the covenant would completely defeat its plain and unambig-

uous meaning. By plainly stating in the defendants' deed the purposes for which the property could be used, the parties excluded it from use for any other purpose. In this connection, see *Kilby v. Sawtell*, 203 Ga. 256 (46 SE2d 117); *Mu Chapter Bldg. Fund, Inc. v. Henry*, 204 Ga. 846 (51 SE2d 841, 7 ALR2d 431); *Grove Lakes Subdivision, Inc. v. Hollingsworth*, 218 Ga. 443 (128 SE2d 499). Since the amended petition stated a cause of action for the relief sought, the trial judge did not err in overruling the general demurrers thereto. Being without merit, the special demurrers were also properly overruled.

4. Since the stipulated facts show that the defendants are operating a beauty shop on their property, the trial judge did not err, as contended by the defendants, in temporarily enjoining its operation; and this is true because the operation of such a business on their property is clearly violative of the restrictive covenant in their deed. The decisions in *Shoaf v. Bland*, 208 Ga. 709 (69 SE2d 258) and *Jordan v. Orr*, 209 Ga. 161 (71 SE2d 206) are not controlling here since the restrictive covenants there dealt with are materially different in their terms from the one here involved.

*Judgment affirmed. All the Justices concur.*

Submitted May 10, 1965—Decided May 18, 1965.

*Maxwell A. Hines*, for plaintiffs in error.
*Seymour S. Owens, J. Dickie Crosby*, contra.