25090. McKINNON et al. v. NEUGENT.

Argued March 10, 1969—Decided April 14, 1969.

*J. Laddie Boatright,* for appellants.

*Vickers Neugent,* for appellee.

Mobley, Justice. This appeal is from an order denying a written motion to dismiss a complaint. The trial judge certified the order for immediate review pursuant to Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701).

Bessie V. Neugent brought the complaint in two counts, one count seeking damages, and the other seeking injunction. She alleged that she executed a deed to the defendants conveying described lands, the deed containing the following restrictive covenants: "(a) No structure shall be erected on any lot or any portion thereof, other than detached single family dwellings. (b) No building shall be erected on any lot nearer than fifty feet

from the front of the lot, or nearer than five feet from any side or rear lot line. (c) No building shall be erected on any lot unless the lot shall have a frontage of one hundred feet. (d) No single family dwelling shall be constructed having less than 1,400 square feet of living space. (e) Sewerage disposal shall be effected by means of individual septic tanks (or other equally sanitary structure for the storage or disposal sewage). (f) The within covenants and restrictions running with the land shall be binding on the grantees herein, their heirs and assigns for a period of twenty-five years from this date." She further alleged that the defendants, "each with the knowledge that the restrictive covenants . . . [quoted above] prohibited the location and construction of mobile homes on the real estate described . . . caused to be located on said real property a mobile home, resulting in the wilful and intentional violation by defendants of each of the above and foregoing alleged restrictive covenants."

The defendants filed a motion to dismiss the complaint on the following grounds: The complaint fails to state a claim against the defendants upon which relief can be granted. The covenants alleged to be breached are for 25 years, in an area of Coffee County for which zoning laws have been adopted. There is no restrictive covenant which prohibits the parking of a mobile structure or house trailer upon the described lands. This motion to dismiss was denied by the trial judge.

■ In *Reeves v. Comfort*, 172 Ga. 331 (2) (157 SE 629), this court held that the rule against perpetuities (*Code Ann.* § 85-707) deals with estates in land and the vesting of estates, and does not relate to covenants restricting the land to certain uses. Thus the restrictive covenants purporting to run for 25 years do not violate the rule against perpetuities and are not invalid for that reason.

The appellants contend that their property is within an area zoned by Coffee County, and that the covenants are unenforceable as being against the public policy of the State as declared in *Code* § 29-301, as amended by Ga. L. 1935, p. 112, and Ga. L. 1962, p. 540, which provides that "covenants restricting lands to certain uses shall not run for more than 20 years in municipalities which have adopted zoning laws, nor in those areas in counties for which zoning laws have been adopted."

The Zoning Ordinance of Coffee County on which the appellants rely was not before the court at the time the ruling on the motion to dismiss was made, and its validity is disputed by the appellee. However, such a zoning ordinance, if valid and applicable to the property of the appellants, would not render the restrictive covenants totally void. The proviso in *Code* § 29-301, as amended, does not declare restrictive covenants running for more than twenty years to be void, but limits the period in which they can be enforced to twenty years.

■ "Prior to the enactment of the Georgia Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann. Title* 81A), all the pleadings were construed most strongly against the pleader when demurrers or similar motions were being considered, and conclusions unsupported by allegations of fact would not withstand such attacks. Since the effective date of the Civil Practice Act, supra, the rule has generally been otherwise in that all that is required as to the claim is a short plain statement showing the pleader is entitled to relief and a demand for judgment for the relief to which the plaintiff deems himself entitled. Ga. L. 1966, pp. 609, 619 (*Code Ann.* § 81A-108)." *Martin v. Approved Bancredit Corp.*, 224 Ga. 550, 551 (163 SE2d 885).

In the present case the appellee set out certain restrictions contained in the deed under which the appellants hold title, and alleged unequivocally that the location of a mobile home on this property by the appellants resulted in the wilful and intentional violation of each of the restrictions. She does not contend that a mobile home, per se, is prohibited by the restrictions. If she can prove that the location of the mobile home on the property violated any, or all, of the restrictions, she is entitled to an injunction. Compare *Lawrence v. Harding*, 225 Ga. 148 (166 SE2d 336).

The trial judge, therefore, did not err in refusing to sustain the motion to dismiss.

*Judgment affirmed. All the Justices concur.*