25220. GOODWIN et al. v.
FIRST BAPTIST CHURCH OF AUGUSTA et al.

Argued June 11, 1969—Decided July 10, 1969—
Rehearing denied July 24, 1969.

*Cumming, Nixon, Eve, Waller & Capers, Joseph B. Cumming,* for appellants.

*Fulcher, Fulcher, Hagler, Harper & Reed, Edwin D. Fulcher, Hull, Towill & Norman, Robert C. Norman,* for appellees.

Grice, Justice. This is a controversy over the sale of church property and removal of the church to a new location. A class action was filed by Mamie Bland Goodwin and 16 other members of the First Baptist Church of Augusta in the Superior Court of Richmond County, naming as defendants the church, its minister and certain of its officers and trustees. The complaint sought an injunction to prohibit the sale of real estate on which the sanctuary is situated and the removal of the church to a new location outside the City of Augusta.

It is worthy of mention that the present location is where the Southern Baptist Convention was formed in 1845.

Grounds for the injunction, in substance, were: that the church lacks charter power to sell the property or to maintain a church outside the city; that the deed conveying the property to the trustees of the church does not include authority for the trustees to sell the property; that the trustees have not obtained an order of court to sell the property as required by *Code* § 108-408; that a majority of the membership of the church has not taken appropriate action to authorize sale of the property; that the adoption of the resolution purporting to authorize such sale was not at a duly held meeting of the membership of the church; and that the threatened sale and removal of the church are contrary to equity and good conscience.

The trial court, upon presentation of the complaint, issued a temporary restraining order prohibiting the defendants from performing any act toward carrying out the intentions set forth in the resolution.

The defendants filed an answer which denied the essential allegations of fact of the complaint and raised such issues as failure to state a claim, lack of jurisdiction over ecclesiastical subject matter, majority action, church autonomy, conclusiveness of ecclesiastical decisions, laches and estoppel.

Upon an interlocutory hearing each side presented affidavits in support of its contentions. No oral evidence was introduced. Thereupon the trial court vacated the restraining order previously granted, and issued an order restraining the defendants from selling the property at the present location.

Subsequently, on January 16, 1969, the trial court dissolved the second restraining order and denied a temporary injunction. Also, it overruled plaintiffs' motion to strike a portion of the defendants' answer and sustained parts of the plaintiffs' motion to strike portions of the defendants' affidavits but overruled other parts of such motion.

Enumerated as error are in essence the following: (1) vacating the original temporary restraining order; (2) dissolving the later temporary restraining order and refusing a temporary injunction; (3) overruling plaintiffs' motion to strike a portion of the defendants' answer; and (4) overruling parts of plaintiffs' motion to strike portions of the defendants' affidavits.

■ The first and second enumerations are related and hence will be treated together.

They present the overriding issue as to whether the trial court abused its discretion in denying the injunctive relief sought. Its judgment recited that the denial followed a consideration of the evidence, arguments and briefs of counsel and did not provide any particular ground therefor. If correct for any reason this judgment must stand.

Many questions are raised by the plaintiffs' grounds for injunction and the defendants' defenses. Those issues are intriguing and counsel's treatment of them is profound and scholarly.

However, as we view them, only one needs to be discussed

■

here. It is laches. Regardless of whether any of their grounds hereinbefore referred to would ordinarily be valid, plaintiffs cannot assert them due to their laches. The evidence upon the interlocutory hearing as to laches was alone sufficient to authorize denial of the injunction.

Without dispute, the following facts which bear decisively upon this feature were established.

After approval by the Board of Deacons, the proposed program of acquisition of properties for the new church location, with its limited time for exercise of purchase options, was explained at three April 1968 meetings to which all church members, including plaintiffs, were invited. At these the Long Range Planning Committee and the Board of Deacons submitted a report and recommendations on this program.

Notice of the May 5, 1968, formal meeting of the church for decision on this matter and of the exact resolution to be presented was contained in the April 28, 1968, and May 5, 1968, church bulletins. This bulletin is the official organ of the church and is mailed each week to all members so as to reach them on Thursday or Friday of each week before the date shown on the bulletin. The chairman of the Board of Deacons, by letter of May 1, 1968, to each member, also gave notice of this meeting.

The plaintiffs were present at the May 5, 1968, meeting, participated in it and were aware of the action taken. The resolution which was submitted to the members authorized and directed the proper officers of the church to proceed with the acquisition of the properties. The resolution was adopted by a vote of 808 to 224.

Thereupon, in accordance with the resolution, the church attorneys examined the title to the properties, and concluded legal action to clear the title.

Thereafter, the church, on July 2 and 3, 1968, acquired the properties for $469,299. To do so, a portion of the purchase price was provided by the church building fund, but the greater portion was borrowed from a lending institution which required a security deed on the present church property and all of its improvements. In addition to short-term notes, a five-year note for approximately half the purchase price was execu-

ted. Substantial sums were also spent for other costs in connection with the acquisition of said properties.

The plaintiffs were fully aware of the action to be taken by the church in accordance with the resolution adopted May 5, 1968, but did not take any contrary action whatever and did not file any objection thereto with the church or its officers. They stood silently by during the time all of the foregoing action was taken, except that one of the plaintiffs presented a letter dated August 18, 1968, to the church conference wherein 353 members requested that "when the present church is offered for sale that a group of members of the church have the refusal." This letter, instead of registering objection to the action, begins with the statement, "Now that the purchase of the O'Hara property has been consummated for the building of a new sanctuary and other buildings . . ," clearly indicating acquiescence in the action already taken. The plaintiffs did not file the present suit for injunction until November 7, 1968, six months after adoption of the resolution and four months after purchase of the properties.

The doctrine of laches not only forbids relief "to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right" (*Code* § 37-119), but also authorizes courts of equity to interpose "an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." *Code* § 3-712. As to what constitutes laches generally, see *C. & S. Nat. Bank v. Ellis,* 171 Ga. 717 (3d) (156 SE 603).

This court has consistently held that "A party is not entitled to an injunction when, with full knowledge of his rights, he has been guilt of delay and laches in asserting them, and has negligently suffered large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction." *Holt v. Parsons,* 118 Ga. 895 (1) (45 SE 690). See also, *City of Elberton v. Pearle Cotton Mills,* 123 Ga. 1, 3 (50 SE 977); *Whipkey v. Turner,* 206 Ga. 410 (2) (57 SE2d 481); *Black v. Barnes,* 215 Ga. 827, 828 (114 SE2d 38). It is significant that in none of the foregoing cases was denial of injunction predicated upon the loss or obscuration of evidence

452

so as to make ascertainment of the truth more difficult, but was based upon the plaintiff's inequitable conduct and injury to the defendant.

The principle in those decisions applies here, where the plaintiffs, though fully cognizant of their rights, delayed six months, and for no reason appearing permitted the church to expend almost half a million dollars in acquiring properties for its new location, to become obligated to repay the greater portion of this over the years and to convey the legal title to its present property as security.

For the foregoing reason, and without the necessity to pass upon the other questions, we hold that the denial of equitable relief was proper.

■ The third and fourth enumerations may also be treated together because of their affinity.

The third complains of the overruling of the plaintiffs' motion to strike the portion of the defendants' answer alleging that "thereafter substantial sums of money were expended," upon the grounds that this is prejudicial, irrelevant, not responsive to the allegations of the petition, and that evidence in support of it would not be admissible in the trial.

The fourth enumeration urges that the entire affidavit of Sloan, and portions of those of Daniel and Motheny are irrelevant, argumentative, repetitious, impertinent and prejudicial for reasons stated.

No error was committed with respect to these.

They were germane to the defenses interposed by the defendants, including laches.

*Judgment affirmed. All the Justices concur.*