29559. BACON et al. v. EDWARDS et al.

GUNTER, Justice.

This is an appeal from a judgment based on a jury verdict that permanently enjoined appellants from violating restrictive covenants in a subdivision. The only issue on appeal is whether a judgment in favor of the appellees was barred by laches.

The judgment appealed from reads:

"Now it is ordered, adjudged and decreed that the defendants, Ollie Bacon and Eddie Bacon are hereby permanently enjoined from allowing that certain building presently on lot 2, block (d), Lokey Estates Subdivision, Columbus, Georgia, to remain on the said property, since the same building has been found to be in violation with the covenants and restrictions applicable to lots located in the said subdivision, said covenants and

restrictions being set forth on a map and plat of the said subdivision recorded in Deed Book 35, pp. 90-A and 90-B in the office of the Clerk of the Superior Court of Muscogee County, Georgia."

Appellees own a house and lot in a subdivision, and appellants own a lot which is adjacent to that of the appellees. On May 17, 1974, the appellees filed their complaint seeking to enjoin the appellants from violating restrictive covenants applicable to the lot adjacent to them. A temporary restraining order was granted and was continued as an interlocutory injunction. The appellants presented several defenses in responsive pleadings, including the defense of laches. The case was then tried before a jury; appellants moved for a directed verdict on laches, but this motion was denied; the jury returned a verdict for appellees; the judgment set forth above was entered on the verdict; and a motion for a new trial was denied by the trial judge.

Appellants have enumerated three errors under which they argue only one point: The evidence shows laches as a matter of law so that a verdict should have been directed in their favor.

The evidence in the case, construed favorably for the appellees, shows the following: Appellees purchased their lot in 1966; at that time, they familiarized themselves generally with the restrictive covenants on the subdivision; the covenants provided that they could be enforced by injunction; during the early fall of 1973, appellants began construction on their lot of a small building (18'x34'); the first stage of construction consisted of laying out "batter boards" to mark the corners and digging out an area for the foundation; the digging came to within five feet of appellees' property; the construction site was in plain view of the appellees' house; appellees noticed the digging during the fall of 1973, but they took no action at that time; they were concerned, but they wanted no trouble with their neighbors and assumed that the architectural committee of the subdivision would prevent any violations of the restrictive covenants; by February, 1974, appellants had completed the necessary excavation, footings, a brick foundation, a concrete slab, and a portion of the studs for the walls; in late February,

appellees voiced an objection to the appellants' construction on the ground that the new building would destroy the value of appellees' property; appellees were told that if they didn't like it they could move; the same day that they voiced the objection, appellees contacted the real estate agent through whom they had purchased the property; within a day or two, they acquired a copy of the restrictive covenants; appellees then contacted a city building inspector, who inspected the site but took no action; ten or twelve days later, appellees contacted a lawyer; the first lawyer sent them to a second lawyer who sent them to a second city official; that official inspected the property but did not resolve the problem; appellees then contacted a third lawyer, who sent them to a fourth lawyer, who finally filed the present suit on May 17, 1974; and by that time, the appellants' building had been ninety per cent completed at a cost of about $2,000 plus many hours of appellants' labor.

It is well settled by numerous decisions of this court that the extraordinary equitable relief of injunction will be denied a party where, with full knowledge of his rights, he has been guilty of delay in asserting them, and has allowed large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction. *Davies v. Curry,* 230 Ga. 190 (196 SE2d 382) (1973); *Bales v. Duncan,* 231 Ga. 813 (204 SE2d 104) (1974); *Holt v. Parsons,* 118 Ga. 895 (45 SE 690) (1903); *Black v. Barnes,* 215 Ga. 827 (114 SE2d 38) (1960); *Burton v. East Point Motors,* 209 Ga. 872 (76 SE2d 700) (1953).

In *Bales v. Duncan,* supra, plaintiff sought, on the basis of a restrictive covenant, to enjoin the remodeling of a house as a day care center in a residential subdivision. This court affirmed the denial of an interlocutory injunction. The evidence showed that the suit was brought about two months after the plaintiff had notice of the plans to build the day care center and that approximately $15,000 had been expended on the project in the meantime.

In *Davies v. Curry,* supra, plaintiff sought, on the basis of a restrictive covenant, to enjoin the remodeling of a home as a beauty parlor in a residential subdivision. This court affirmed the denial of an interlocutory

injunction. The evidence showed that suit was filed about one month after a remodeling permit was applied for, but that, in the meantime, the remodeling had been substantially completed at a cost of approximately $15,000.

In *Black v. Barnes,* supra, plaintiff sought, on the basis of a zoning ordinance, to enjoin the construction of an apartment project. This court reversed the granting of an interlocutory injunction. The suit was filed about three months after construction had begun and after plaintiff had been aware of the construction. Some of the apartments were two-thirds completed, and about $100,000 had been expended for labor and materials.

In *Holt v. Parsons,* supra, this court affirmed the denial of injunctive relief where a suit by a taxpayer was commenced about three months after the public was put on notice of a plan to build a courthouse and after substantial sums had been spent. The evidence showed the plaintiff had given notice through his lawyer that injunctive relief would be sought only one month after the public was put on notice.

A mere objection or protest, or a mere threat to take legal proceedings is not sufficient to exclude consequences of laches or acquiescence. *Holt v. Parsons,* supra; *Raines v. Clay,* 161 Ga. 574 (131 SE 499) (1926); *Springtime, Inc. v. Douglas County,* 228 Ga. 753 (187 SE2d 874) (1972).

On the other hand, this court has repeatedly stated that laches is ordinarily a question of fact properly submitted to a jury. *Rigby v. Powell,* 233 Ga. 158 (210 SE2d 696) (1974); *Jackson v. Chatham County,* 225 Ga. 641 (170 SE2d 418) (1969); *Sweatman v. Dailey,* 162 Ga. 295 (133 SE 257) (1926). In determining whether there has been laches, there are many factors to be considered, including the sufficiency of the excuse offered in extenuation of the delay in bringing suit. *Hodges v. Libby,* 224 Ga. 509 (162 SE2d 716) (1968); *Citizens & Southern National Bank v. Ellis,* 171 Ga. 717 (156 SE 603) (1931).

In the case at bar the trial judge instructed the jury on the issue of laches and submitted the issue to the jury. No objection was made to the charge of the court on this issue. The jury determined the laches issue in favor of the appellees, the trial judge approved the verdict and

overruled a motion for a new trial, and on the basis of the evidence in this record we cannot hold that a verdict in favor of the appellants was demanded as a matter of law.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1975 — DECIDED APRIL 8, 1975.

*Elkins, Flournoy & Garner, T. M. Flournoy, Jr.,* for appellants.

*T. Edward Tante, IV, Vincent P. McCauley,* for appellees.