## 32922. ANTILL v. SIGMAN.

NICHOLS, Chief Justice.

The appellant and the appellee are adjoining property owners in a residential subdivision. The developer-common grantor placed certain protective covenants on the property restricting the use thereof. Each home was surrounded by a walled enclosure and that part of each owner's property to the rear and outside the walled enclosure was to be maintained in a natural state. Paragraph 16 of the protective covenants provided in part: "This area shall not be fenced or cross-fenced, and no playground equipment or other temporary or permanent improvement permitted."

Paragraph 18 provided: *"Term.* These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of twenty-five (25) years from the date these covenants are recorded. . ." This instrument was recorded on February 13, 1967, and amended on April 24, 1969. These instruments are referred to in each owner's deed.

Although Code Ann. § 29-301 (Ga. L. 1935, p. 112; 1962, p. 540; 1971, p. 814) provides that restrictive covenants shall not run for more than 20 years in areas in counties which have adopted zoning laws, it does not invalidate the covenants but limits them to the statutory period. *McKinnon v. Neugent,* 225 Ga. 215 (1) (167 SE2d 593) (1969).

The appellant fenced in the area to his rear covered by these covenants and began a garden on it. The appellee filed suit for injunction as provided in paragraph 19 of the restrictive covenants to enforce the agreement. The appellant attempted to amend the fencing restriction by

having a majority of the property owners execute an amendment to the declaration of protective covenants.

The trial court found that under the terms of paragraph 18 the restrictive covenants could not be amended during the original 25-year period except by agreement of 100 percent of the property owners and therefore, the attempted amendment by only a majority of the owners was of no force and effect. The trial court then granted appellee's motion for summary judgment and issued an injunction against the maintenance of the fence, and appellant enumerates this as error.

The appellant argues three reasons why the court erred in its grant of summary judgment and injunction.

1. First, it is contended that the protective covenants unduly restrict the property owners' right to peaceful use and enjoyment of their property.

"When a grantee accepts a deed he will be bound by the covenants contained therein, although the deed has not been signed by him." Code Ann. § 29-102 (Ga. L. 1967, pp. 592, 593), and in *Wardlaw v. Southern R. Co.,* 199 Ga. 97 (2) (33 SE2d 304) (1945), this court held: "In such a case, the general scheme binds all the purchasers inter sese, not only as to the restrictions embodied in their respective deeds, but also as to such inhibitions as were embraced within the general scheme of the subdivision, of which they had or were chargeable with notice." See *Kilby v. Sawtell,* 203 Ga. 256 (46 SE2d 117) (1948). There is no merit in this argument.

2. Secondly, it is argued that due to the changed conditions in the neighborhood, the original purposes have been rendered moot. The only act alleged or shown to have been done is the violation of the no-fencing restriction by a few of the property owners. This does not show such a general change in the neighborhood as to render the covenant void. *Dooley v. Savannah Bank &c. Co.,* 199 Ga. 353 (3) (34 SE2d 522) (1945). See also *M.M.G. Development Co. v. Houston,* 229 Ga. 163 (190 SE2d 39) (1972).

3. Thirdly, it is contended that the appellee is estopped from enforcing the protective covenant. The appellant contends that when a party entitled to the benefits of the covenant leads the other party to believe he

has acquiesced in the violation he is thereafter estopped to demand strict compliance with the covenant.

The petition was filed on April 27 and appellant alleged in his affidavit that the fence was completed on April 13. The installation of a fence can be done in one day, and a lapse of two weeks between the installation and the filing of the petition would not, as a matter of law, bar appellee; but this question is addressed to the sound discretion of the trial court.

*Judgment affirmed. All the Justices concur.*

Argued November 15, 1977 — Decided January 6, 1978 — Rehearing denied January 18, 1978.

*Michael J. Gannam,* for appellant.