S93A1283. ROBINSON et al. v. THE LANDINGS
ASSOCIATION, INC. et al.
(440 SE2d 198)

FLETCHER, Justice.

The Landings is a residential community located on Skidaway Island in Chatham County, Georgia originally developed by Branigar Organization, Inc. (Branigar), which still retains undeveloped property at the Landings. All homeowners at the Landings are members of the Landings Association (the Association) and are eligible for membership in the Landings Club, Inc. (the Club). The Association is a non-profit corporation charged with maintaining the safety, health, and welfare of the Landings residents. The Club is a non-profit corporation, separate and distinct from the Association, that owns and operates a private country club at the Landings.

In 1992 the Association's Board of Directors passed a resolution outlining a policy for controlling and thinning the deer herd at the Landings by shooting the deer in a safe manner. Under this authorized policy, the Georgia Department of Natural Resources (DNR) would be responsible for killing and removing some of the deer in order to thin the herd. The Board of Governors of the Club passed a resolution approving the use of Club property by the DNR to carry out the plan and Branigar also authorized use of its property for this purpose.

Appellants, a group of the Landings' homeowners, including Club members, filed an action in Chatham Superior Court against the Association, the Club, Branigar and DNR seeking to permanently enjoin them from removing, killing or destroying any deer. Three of the four defendants filed motions to dismiss which the trial court denied, finding that the appellants' pleadings were sufficient to show that they had standing to bring the action. After an evidentiary hearing, the

court denied appellants' request for permanent injunctive relief.[1] We affirm.

1. Trial courts have the power to restrain certain actions including threatened or existing torts and acts which are illegal, contrary to equity and good conscience and for which no adequate remedy is provided by law. OCGA § 9-5-1. Generally, the granting of an injunction rests in the sound discretion of the trial judge and should not be resorted to except in clear and urgent cases. OCGA § 9-5-8. However, before the trial court can exercise its discretion with regard to issuing a permanent injunction, the party seeking the injunction must first show that it has a legal right to relief. The moving party has the burden of establishing the right to such relief. If, as here, the moving party has filed a complaint which is adequate to withstand a motion to dismiss, such party must then prove all of the essential allegations of the complaint which are not admitted. *Burton v. East Point Motors,* 209 Ga. 872 (76 SE2d 700) (1953). See generally 43A CJS 442, Injunctions, § 210 and 42 AmJur2d 1083, Injunctions, § 287.

Appellants maintained that the various defendants were committing or were threatening to commit various torts against them and acting or were threatening to act in an illegal manner, specifically claiming that the hunt would endanger their health, destroy the deer which are valuable property and depreciate the value of their real property (the "torts"). Appellants also claimed that the Association and the Club had exceeded their power and that DNR would exceed its authority and violate numerous laws if it conducted the hunt (the illegal or inequitable acts).[2] Appellees denied all of these contentions.

The trial court found that there was no evidence to support appellants' claim that the hunt would endanger health or depreciate property; that appellants had no property interest in the deer; that absent a contractual right, appellants had no interest in hunting conducted on land owned by Branigar and that appellants had failed to prove any such right; that there was no evidence that the Association and the Club had exceeded their powers and that there was no evidence that DNR had exceeded its authority or violated a state law. After reviewing the record, we conclude that the court's findings of fact are supported by the evidence and are not clearly erroneous and the court's conclusions of law are likewise not erroneous.

The trial court's findings show that appellants failed to meet the

---

[1] The court's order contained extensive findings of fact and conclusions of law. Because it concluded that appellants failed to prove any legal right to injunctive relief, the court declined to exercise its discretion in denying the injunction and, therefore, did not reach the issue of necessity of or best method for thinning the deer population.

[2] We find it unnecessary to reach whether these alleged acts are the types of acts described in OCGA § 9-5-1, and therefore make no ruling on this issue.

necessary predicate of proving that they were suffering or would suffer from one of the wrongs that would entitle them to an injunction. Although their pleadings were sufficient to withstand a motion to dismiss, the evidence was insufficient to factually support the claims made in those pleadings. Under such circumstances, the trial court is not authorized to exercise discretion as the granting of injunctive relief would be error.

2. The appellants also challenge the trial court's finding that DNR's participation in the controlled hunt would not exceed its power nor violate state law. Under the provisions of OCGA Title 27 the DNR has the power to manage the state's wild animals. A safely conducted controlled hunt to thin an excessive deer population would be authorized by Title 27 and the record supports the trial court's factual finding that appellants presented no evidence that the proposed hunt would not be conducted in a safe manner.

*Judgment affirmed. All the Justices concur.*

HUNT, Presiding Justice, concurring.

I agree with the majority that the trial court correctly found the plaintiffs had not presented evidence sufficient to support their claims for relief against any of the defendants. However, I believe the trial court's order is erroneous, or misleading, in two respects. First, contrary to the trial court's holding, DNR does not have the right to act as it sees fit with regard to deer in this state. Rather, DNR's jurisdiction, like that of any state agency, is limited by statute, and we are required to construe that jurisdiction strictly to comport with legislative intent. *HCA Health Svcs. v. Roach,* 263 Ga. 798 (439 SE2d 494) (1994). While DNR's statutory authority for regulating deer is broad, see OCGA § 27-1-22, the agency must, nevertheless, act in accordance with that authority.[3]

Second, the trial court's order is incorrect insofar as it suggests the plaintiffs would not have standing to challenge unauthorized action by DNR. If the plaintiffs had presented evidence that DNR acted, or planned to act in a manner which exceeded its authority, the plaintiffs would have alleged and shown sufficient evidence which would give them standing. However, the result of the trial court's order is correct, because the plaintiffs failed to present evidence to support its claims that DNR acted beyond its authority.

I am authorized to state that Justice Hunstein joins in this con-

---

[3] OCGA § 27-1-22 provides that DNR may dispose of wildlife "[f]or purposes of wildlife management and in accordance with sound principles of wildlife research and management . . . ." Thus, plaintiffs might have had a claim had they presented evidence that DNR's proposed actions were not "for purposes of wildlife management" or "in accordance with sound principles of wildlife research and management."

currence.

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATION DENIED MARCH 18, 1994.

*Falligant & Toporek, Julian H. Toporek,* for appellants.
*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Alan Gantzhorn, Assistant Attorney General, Miller, Simpson & Tatum, John M. Tatum, Robert A. Lewallen, Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr., R. Stephen Flagler, Bouhan, Williams & Levy, Leamon R. Holliday III,* for appellees.