S97A1732. McGHEE et al. v. JOHNSON et al.

(492 SE2d 893)

CARLEY, Justice.

Appellant James McGhee owns two acres in a subdivision. He and appellant Roslyn Buckner placed a mobile home on the lot, even though restrictive covenants prohibited mobile homes in the subdivision. They claimed to be unaware of the restrictive covenants. Appellee Gregory Johnson, joined by several other residents of the subdivision, brought suit to enforce the restrictive covenants and to enjoin the violation thereof. Appellants raised laches as a defense to the action, contending that appellees waited too long to seek enforcement of the restrictive covenants. The trial court entered an order which

found that laches was not a viable defense as a matter of law and granted an injunction compelling removal of the mobile home. Appellants filed a notice of appeal to the Court of Appeals, enumerating as error the trial court's ruling on the laches defense. Because the viability of the equitable defense of laches was the substantive issue on appeal, the Court of Appeals correctly transferred the case to this Court as an appeal within our "equity" jurisdiction. *Saxton v. Coastal Dialysis &c. Clinic,* 267 Ga. 177 (476 SE2d 587) (1996). Compare *Pittman v. Harbin Clinic Professional Assn.,* 263 Ga. 66 (428 SE2d 328) (1993).

In their sole enumeration of error, appellants assert that the "trial court erred by concluding as a matter of law that the doctrine of laches did not apply in this case." Laches is "peculiarly a factual defense, the resolution of which will rest in the sound discretion of the trial judge, sitting as a chancellor in equity, and without the intervention of a jury. [Cit.]" *Beaulieu of America v. L. T. Dennard & Co.,* 253 Ga. 21, 21-22 (1) (315 SE2d 889) (1984). In determining the viability of a laches defense, the trial court should

> consider the length of the delay, the sufficiency of the excuse, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the plaintiff or defendant possessed the property during the delay. The defendant must show prejudice from the delay.

*Troup v. Loden,* 266 Ga. 650, 651 (1) (469 SE2d 664) (1996). Here, the mobile home was delivered to the property on August 23 or 24, 1996. On September 9, 1996, appellants received written notification that appellees intended to enforce the covenants and would file suit if necessary. On September 17, 1996, appellants responded with a letter expressing their intent to move "into their home as scheduled," but also recognizing the possibility that litigation might ensue. On November 25, 1996, appellees filed suit. Thus, it was only a matter of months before appellees brought their action to enforce the covenant and, during the interim, appellants voluntarily expended funds to make the mobile home habitable even though they knew that a valid dispute existed concerning their right to locate the mobile home in the subdivision. *McClure v. Davidson,* 258 Ga. 706, 709 (2) (373 SE2d 617) (1988). Compare *Bales v. Duncan,* 231 Ga. 813 (2) (204 SE2d 104) (1974); *Davies v. Curry,* 230 Ga. 190 (196 SE2d 382) (1973); *Black v. Barnes,* 215 Ga. 827, 828 (1) (114 SE2d 38) (1960); *Burton v. East Point Motors,* 209 Ga. 872, 873 (1) (76 SE2d 700) (1953). Under these circumstances, the trial court did not abuse its discretion in ruling that the equitable defense of laches was not a bar to appellees' suit. *McClure v. Davidson,* supra at 709 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 24, 1997.

*Jones & Oliver, Charles E. Jones, Mary Jo Oliver,* for appellants.
*Jon L. Coogle,* for appellees.