## BROWN v. WILLIAMS.

A covenant or mutual agreement, on sale of all the equipment owned in the operation of a barber-shop in a town, with the good will of that business, that, as a part of the trade and an inducement to buy, the seller would not thereafter again operate a barber-shop in that town, construed as meaning that the seller stipulated not to engage in his

occupation as a barber in that town under all circumstances at any time in the future, was unreasonable and void.

No. 6379. August 20, 1928.

Equitable petition. Before Judge Hardeman. Jefferson superior court. November 16, 1927.

*M. C. Barwick* and *Q. L. Bryant,* for plaintiff.

*·Hardeman & Hardeman,* for defendant.

ATKINSON, J. 1. A contract "in general in restraint of trade" is against the policy of the law, and can not be enforced. Civil Code (1910), § 4253. It has been held by this court that a stipulation in a contract of sale of a ticket broker's business, that the vendor will not engage in a similar business in a named city, which, though unlimited as to time, is in all other respects reasonable, is valid and enforceable. *Swanson* v. *Kirby,* 98 *Ga.* 586 (26 S. E. 71). It has also been held that where the restraint or inhibition relates to the right of a person to follow a particular profession, and deprives the person from practicing his profession under any and all circumstances for all time in a restricted territory, the stipulation is unreasonable and unenforceable. *Rakestraw* v. *Lanier,* 104 *Ga.* 188, 202 (30 S. E. 735, 69 Am. St. R. 154). The principle last above stated will apply where the restriction relates to the right of a barber to carry on his vocation and inhibits him within a named town from carrying on his vocation for all time and under all circumstances.

2. A petition alleged that the plaintiff purchased from the defendant "all of the equipment owned by him in the operation of a barber-shop in the town of Wadley, . . together with the good will of said business" for a stated sum, and that, as a part of the trade and an inducement to petitioner to buy, there "was a mutual agreement between plaintiff and defendant, that defendant after selling out to plaintiff would not again operate a barber-shop in the town of Wadley." The foregoing allegations are to be construed most strongly against the pleader. When so construed, they mean that the defendant was a barber, and that he had stipulated not to engage in his occupation as a barber in the town of Wadley under any circumstances at any time in the future. The alleged covenant was therefore unreasonable and void; and the judge did not err in sustaining the general demurrer to the petition filed by the plaintiff, seeking injunction to prevent continued violation of

the covenant, and to recover damages already accrued from its breach.    *Judgment affirmed. All the Justices concur.*