19719.  CLEIN *v.* KAPILOFF *et al.*

370

ARGUED MAY 15, 1957—DECIDED JUNE 10, 1957—REHEARING
DENIED JULY 3, 1957.

*Harold Karp, A. Tate Conyers,* for plaintiff in error.
*Marvin O'Neal, Jr., Marvin P. Nodvin,* contra.

ALMAND, Justice. The bill of exceptions assigns error on orders overruling general demurrers to an equitable petition, and granting an interlocutory injunction.

The petition of Harry Kapiloff and Sam Turetsky sought to restrain the defendant Sidney A. Clein from engaging in the retail clothing business in violation of a restrictive convenant entered into by the defendant Clein and other named defendants with the plaintiffs. In substance, the petition alleged: that the plaintiffs, prior to August 28, 1950, owned and controlled Macey's, Inc., a corporation engaged in the retail jewelry business at 110 Whitehall Street in the City of Atlanta; that the plaintiffs sold said business to Sterling Jewelry Company, a corporation owned and controlled by the named defendants; that the written contract of sale, signed by both corporations through the plaintiff Kapiloff as president of Macey's Inc., and the defendant Clein as vice-president of Sterling Jewelry Company, Inc., contained the following covenant: "4. *Restrictive covenants.* Seller covenants and agrees that it will not, throughout the term of the lease assigned hereunder [July 31, 1959], engage in the retail jewelry business, or in the sale of any items normally sold by a retail jewelry company, other than television sets, within a radius of one mile from the premises herein described, and *buyer covenants that it will not engage in the operation of a retail clothing business on the premises, nor will it engage in the sale of items normally sold in a retail clothing store on the premises or within a radius of one-half mile of the premises, throughout the term of the lease* [July 31, 1959] *herein assigned.*" (Italics and brackets supplied). Following the corporate signatures in the contract of sale, all of the named

plaintiffs and defendants agreed in writing that the "restrictive covenants mentioned in paragraph 4 of the within agreement are hereby adopted and agreed to by us individually, and anyone acting for us, or any firm, corporation, or partnership in which any of us may have an interest." The seller conveyed to the buyer all of his accounts receivable, the plaintiff Kapiloff agreed to assign the lease in 100 Whitehall Street to the buyer, and the defendant Clein agreed to endorse the purchase money notes. At the time of the sale, the plaintiffs were engaged in the retail clothing business at 114 Whitehall Street under the trade name of Hollywood Credit Clothiers. It was alleged that, at the time of the sale, the defendants "knew that the accounts of customers of said jewelry business were in a great part the same as the accounts of the petitioners' retail credit clothing business and petitioners as a consideration of said sale and agreement insisted that defendants covenant not to engage in the clothing business because a great number of the accounts of the two said stores were of the same customers. Petitioners show that defendants knew that if they were allowed to sell clothing to petitioners' jewelry accounts after said jewelry business was sold to them, that they would be dealing with many of the customers of petitioners' said credit clothing business, as aforesaid, and they knew that petitioners insisted upon said covenant to protect themselves from that situation." It was further alleged that the defendant Clein is now engaged in the business of selling clothing at retail at 132 Whitehall Street, which is within one-half mile of the premises at 110 Whitehall Street, in violation of this covenant, and that the defendant Clein, by engaging in the retail clothing business in competition with the plaintiffs, will cause them irreparable damage and injury.

As a general rule, a contract in general restraint of trade is void, but a contract only in partial restraint may be upheld provided the restraint is reasonable and the contract is valid in the other essentials. In determining the reasonableness of a restrictive covenant, a greater latitude is allowed when the covenant relates to the sale of a business than in cases where the covenant is ancillary to a contract of employment. *Orkin Exterminating Co.* v. *Dewberry*, 204 *Ga.* 794, 802 (51 S. E. 2d

669); *Griffin* v. *Vandegriff*, 205 *Ga.* 288, 295 (53 S. E. 2d 345). The agreement must be considered with reference to the situation, business and objects of the parties in light of all of the surrounding circumstances. The restrictive covenant in the instant case is reasonable as to time and territory, its area of operation being within a radius of one-half mile, and its time being limited to July 31, 1959. The true test of the validity of the contract is whether it is supported by a sufficient consideration and whether the restraint is reasonable. In determining whether the covenant is "otherwise reasonable," the covenant must be reasonably necessary to protect the interests of the party in whose favor it is imposed, and must not unduly prejudice the interests of the public, and must not impose greater restrictions than are necessary for the protection of the promisee. *Rakestraw* v. *Lanier*, 104 *Ga.* 188, 197 (30 S. E. 735, 69 Am. St. R. 154).

In this case, the plaintiffs bound themselves not to compete with the defendants in the retail jewelry business within one mile of 110 Whitehall Street during a period ending July 31, 1959, and the defendants, knowing that the plaintiffs were then engaged in the retail clothing business at 114 Whitehall Street, agreed that, within a like period of time, they would not engage in the retail clothing business within one-half mile of 110 Whitehall Street. The covenant is reasonable in all respects, and there are no allegations in the petition which indicate that the public would suffer in having one less retail clothing store in this limited area for the time specified. We have here simply a case where the sellers and the buyers of a business have entered into a valid contract containing mutual obligations, and one party has chosen to ignore his obligation. In such a case, equity will exercise its restraining arm and require him to abide by his promise.

The petition sets forth a cause of action for the relief prayed, and the court did not err in overruling the general demurrers of Clein.

On the interlocutory hearing, the case was submitted upon an agreed stipulation of facts. Under the evidence submitted, the court did not err in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*