39805, 39828. STEWART v. AMERICAN HOME MUTUAL LIFE INSURANCE COMPANY; and vice versa.

BELL, Judge. The question under review here is whether the trial court erred in sustaining general demurrers to a petition brought in two counts.

1. The petition in its final form alleged in count 1 that the plaintiff became associated with an insurance society of which the defendant was the successor organization; that plaintiff began selling insurance for the society; that he had an exclusive general agency contract for a period of years; that his connection with the company was terminated on May 9, 1949; that in the month of May, 1949, the board of directors agreed to pay the plaintiff the sum of $300 per month which "was in consideration for the plaintiff's promise to forbear, for the balance of his life, going into any insurance field or insurance business, or become affiliated with an insurance business which was competitive with the business of the American Home

---

Mutual Life Insurance Company in the State of Georgia." The consideration alleged for this contract is void. *Code* § 20-504 provides, inter alia, that a contract in general restraint of trade cannot be enforced. In *Rakestraw v. Lanier*, 104 Ga. 188, 202 (30 SE 735, 69 ASR 154), the Supreme Court held that a restraint or inhibition relating to the right of a person to follow a particular profession, and which deprives the person from practicing his profession under any and all circumstances in a restricted territory for all time is unreasonable and unenforceable. In *Rakestraw* the contract provided for the formation of a medical partnership to continue for a period of time, and one of the parties further agreed that in the event the firm should at any time thereafter be dissolved, he would not locate or engage in the practice of medicine at a named town or at any place within a 15-mile radius of a specified drugstore unless he had first obtained the written consent of the other parties to the contract. This restraint was held to be unreasonable and unenforceable. Later the Supreme Court extended the principle of *Rakestraw* to include the occupation of barber and held that where the restriction related to the right of the barber to carry on his vocation and forbade him for all time and under all circumstances to carry on this occupation *in a named town* it was unreasonable and void. *Brown v. Williams*, 166 Ga. 804 (144 SE 256).

Restraints which would be valid in the sale of a business may be found to be unreasonable where the employer seeks to restrain employees from further employment. It is essential to the validity of restraints on future employment that the restraints be reasonable as to both time and territory. *Orkin Exterminating Co. of South Ga. v. Dewberry*, 204 Ga. 794, 802 (51 SE2d 669).

The restraint affecting the consideration here forbade the petitioner *for the remainder of his life from going into any insurance field or insurance business or becoming affiliated with any insurance business which is competitive with the defendant in the State of Georgia.* This restriction imposed a far broader restraint than those held to be unreasonable and void in the above cases.

It is the universal rule of those jurisdictions following the common law that with the exception of unilateral contracts, and

some other exceptions not here relevant, the consideration alleged must create a mutuality of obligation. If the consideration is void, even though the party who is restrained by it desires to waive the restrictions it imposes, he·cannot do so and make the consideration valid. Where the consideration is void, it is void as to all parties, as there can be no mutuality of obligation where one party may enforce the agreement but the other party may not.

It follows that the consideration alleged for the defendant's contract was void, and the contract is thus unenforceable.

2. Plaintiff urges that he, as general agent, has sold the agency to the company, and thus the rule relating to forbidding competition by the seller as part of the sale of a business applies and not that rule which relates to restrictions on the practice of a profession or engaging in an occupation. Construing, arguendo, the petition as alleging the sale of a business, it appears clear that the restrictions alleged in the consideration for the plaintiff's promise to forbear for the *balance of his life going into any insurance field or insurance business* are broader than necessary for the protection of the defendant company. The true test of the validity of a contract in restraint of trade is whether it is supported by sufficient consideration and whether the restraint is reasonable. *Clein v. Kapiloff*, 213 Ga. 369 (98 SE2d 897). The consideration alleged in return for the defendant's promise to pay the plaintiff was the plaintiff's agreement forevermore to abstain from going into any insurance field or insurance business *or* to become affiliated with an insurance business which was competitive with the defendant's business in the State of Georgia (see quote in the first paragraph of Division 1). The use of the word "or" before the concluding phrase in the allegation of the consideration means that the restriction as to engaging in an insurance business competitive with the defendant does not apply to that portion of the allegation restraining the plaintiff from going into any insurance field or insurance business. "Or" may be used as a coordinating particle which marks an alternative, ". . . that is, you may do one of the things . . . but not both . . . It often connects a series of words or propositions presenting a choice of either; as, he may study law *or* medicine *or* he may go into trade." Webster's New International Dictionary,

2d Ed., Unabridged (1955). In any event construing the petition most strongly against the pleader, as must be done on general demurrer, the consideration alleged was not that the plaintiff would forbear from engaging in any insurance field or insurance business which was in competition with the defendant's business, but that the defendant would not, during the remainder of his life, engage in *any* insurance field or insurance business of *any kind*. Under this construction the unreasonableness of the restraint is readily apparent, and since the restraint was unreasonable, the consideration was void.

As count 2 is affected with the same void consideration, it did not state a cause of action.

The trial court properly sustained the general demurrer to both counts of the plaintiff's petition. Since the petition was properly dismissed on general demurrer, it becomes unnecessary to consider the defendant's cross-bill of exceptions assigning error on the overruling of its other demurrers to the plaintiff's petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

DECIDED DECEMBER 5, 1962.

*Osgood O. Williams, Donald L. Hollowell,* for plaintiff in error. *Augustine Sams, Marion A. Sams, Edward S. Sams,* contra.