A92A0327, A92A0355. ALW MARKETING CORPORATION et al.
v. McKINNEY.
(421 SE2d 565)

ANDREWS, Judge.

ALW Marketing Corporation (ALW) and Massachusetts Indemnity & Life Insurance Company (MILICO) sued McKinney for alleged violation of restrictive covenants contained in three 1989 employment contracts, and sought injunctive and other relief to enforce the covenants. ALW and MILICO appeal from the trial court's order granting McKinney's motion for judgment on the pleadings, in which the trial court ruled that the covenants were void and unenforceable as a matter of law, and granted judgment in favor of McKinney on counts one, two and three of the complaint.

Identical direct and discretionary appeals from this order were filed in the Supreme Court. Both appeals were granted and transferred to this Court as direct appeals under OCGA § 9-11-54 (b). We consider the identical enumerations of error in both of these appeals

together.

1. In enumerations of error one and two, ALW and MILICO claim that judgment on the pleadings was improper because: (1) the trial court failed to accept allegations in the complaint regarding the covenants as true, and (2) the validity of the covenants cannot be determined from the pleadings alone, but depends on factual determinations beyond the face of the pleadings.

Whether a covenant in an employment contract which restricts or lessens competition is enforceable depends on its reasonableness in terms of the three-element test of time, territorial effect, and the business interests the employer seeks to protect. *Watson v. Waffle House*, 253 Ga. 671, 672 (324 SE2d 175) (1985). In reconciling concerns that the test provide clear guidelines to drafters, with concerns that a rigid application of the test may not give adequate weight to the factual settings in which a particular covenant may operate, the Supreme Court has determined that "both of these ends can best be served by retaining the three-element test of duration, territorial coverage, and scope of activity and utilizing it, not as an arbitrary rule but as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied." Id. at 673. For example, the Court in *National Teen-Ager Co. v. Scarborough*, 254 Ga. 467, 469 (330 SE2d 711) (1985), reaffirmed the rule that a non-competition covenant that prohibits the employee from working for a competitor "in any capacity, that is, a covenant which fails to specify with particularity the activities which the employee is prohibited from performing, is too broad and indefinite to be enforceable," but in applying the rule found that "whether a given covenant falls into the prohibited 'in any capacity' category generally is not determinable solely from the face of the contract." Accordingly, the Court reversed the grant of judgment on the pleadings because there was not a complete failure to state a cause of action on the face of the pleadings. Id. at 469.

Nevertheless, the question of reasonableness remains one of law based on the wording of the covenant, and if after taking the well-pleaded allegations of the complaint as true, it appears that a covenant is void on its face such that no additional facts could save it, judgment on the pleadings in favor of the defendant is appropriate. *Koger Properties v. Adams-Cates Co.*, 247 Ga. 68, 69 (274 SE2d 329) (1981) (territorial restriction in non-competition covenant too indefinite on its face to be enforced); compare *Rollins Protective Svcs. Co. v. Palermo*, 249 Ga. 138, 139 (287 SE2d 546) (1982) (factual setting sometimes necessary to determine if territorial restriction, not void on its face, is reasonable); *Colquitt v. Network Rental*, 195 Ga. App. 244, 246 (393 SE2d 28) (1990) (if non-competition restriction is not void on its face, reasonableness is tested in light of the factual setting).

Here, the complaint attaches and incorporates by reference three

lengthy employment agreements signed by McKinney which all contain virtually the same restrictive covenants. See OCGA § 9-11-10 (c). The complaint and attached agreements set forth in detail the system by which ALW sells MILICO insurance policies through a network of independent contractor agents. The ALW system described in the pleadings and agreements was succinctly summarized in a case dealing with the same marketing system in the context of similar issues: "MILICO insurance is sold through a pyramid-type marketing plan by which Williams' agents both sell and recruit others to sell insurance. Agents, most of whom work part-time, earn commissions from personal sales and the sales of each agent they recruit. The sales force is organized according to a hierarchy by which 'up-line' agents supervise and train the lower level agents they have recruited. Up-line agents are successful sales agents who have become in ascending order, regional vice-presidents ('RVP'), senior vice-presidents ('SVP') and national sales directors ('NSD'). Up-line agents are not part of Williams' corporate structure. Rather, their titles are rewards for success. Each up-line agent works full-time and oversees the work of each down-line agent in his or her chain. A new agent is placed in a specific RVP's hierarchy and is trained by the RVP at the RVP's expense. RVPs earn commissions from insurance sales made by each agent in his or her hierarchy." *A. L. Williams & Assoc. v. Stelk*, 960 F2d 942, 943-944 (11th Cir. 1992).

An agent recruited enters into an independent contractor agreement with ALW ("My Agreement with ALW Marketing Corporation"), and upon obtaining a license to sell insurance enters into a life insurance agreement with MILICO ("MILICO Agent Agreement"). Agents who become RVPs sign another agreement ("Agreement for Independent Business of Regional Vice President"). McKinney was a party to all three of these agreements. When McKinney left the ALW sales force in February 1991, to work with another insurance agency he held the position of RVP with approximately 30 agents down-line in his sales hierarchy. The agents in the sales force are not restricted to any particular territory, and market their products in 49 states, the District of Columbia, Canada, and elsewhere. The complaint further alleges in counts one, two and three that McKinney violated the provisions of the restrictive covenants, causing damage to ALW and MILICO.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. OCGA § 9-11-12 (c). For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted. Judgment on the pleadings may be granted only if, on the facts so admit-

ted, the moving party is clearly entitled to judgment." (Punctuation and citations omitted.) *Abacus, Inc. v. Hebron Baptist Church, Inc.,* 201 Ga. App. 376 (411 SE2d 113) (1991); *Christner v. Eason,* 146 Ga. App. 139-140 (245 SE2d 489) (1978). Taking the allegations of the complaint as true, we conclude for the reasons stated in Division 2 that the restrictive covenants at issue are void on their face, that no additional facts could render them valid, and judgment on the pleadings in favor of McKinney was proper.

2. In the third claim of error ALW and MILICO contend that the trial court erred by finding under substantive law that the covenants were void and unenforceable. ALW and MILICO rely on the restrictive covenants contained in Section 11 of the 1989 "Agreement for Independent Business of Regional Vice President" entered into by McKinney as a Regional Vice President (RVP). The Agreement contains three types of restrictive covenants.

Sections (G.) and (H.) of the Agreement are essentially non-solicitation covenants. Section (G.) prohibits McKinney, during the term of the agreement and for a period of three years after termination of the Agreement, from inducing certain MILICO policyholders to terminate, reduce or replace their coverage on policies to which McKinney was entitled to earn a commission. The application of the covenant was subject to the following territorial restriction: "[T]hose who reside, at the time of the inducement or attempted inducement, in the geographical area within 50 miles of any office of RVP or any office of any member of RVP's Sales Hierarchy which office had been the office of RVP or a member of RVP's Sales Hierarchy at any time during the three (3) year period preceding termination of this Agreement if RVP's Sales Hierarchy utilized such office for at least a ninety (90) day period."

"Although a covenant prohibiting solicitation of the employer's customers is less restrictive than a covenant prohibiting competition, both must specify the territory in which the employee is to be foreclosed. A covenant prohibiting solicitation which does not specify the territory is unenforceable." *Guffey v. Shelnut & Assoc.,* 247 Ga. 667, 670 (278 SE2d 371) (1981). The present territorial restriction is too indefinite on its face to be enforceable because it contains no specific territory ascertainable at the time the agreement was entered. *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284, 285 (227 SE2d 251) (1976). Every agent recruited by McKinney or recruited by an agent downline from McKinney in his chain is a potential expansion of the territory. Moreover, the MILICO policies are currently sold nationwide and in Canada and the agents are not restricted to any particular territory. Given these facts, the territorial restriction as written, amounts to a present obligation or promise as to unknown future territories. *Koger,* supra at 68-69 (indefinite restriction is void on its face because

employee unable to forecast with certainty the territorial extent of the duty owed); compare *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 537 (307 SE2d 914) (1983) (territorial restriction valid because it contained no present obligation as to future unknown territories).

Additionally, Section (G.) contains a provision modifying the three-year limitation period, which provides: "The running of the post-termination three-year period shall be tolled and suspended while RVP is in violation of this covenant." This tolling provision potentially extends the duration of the covenant without limit and renders it unreasonable and unenforceable on its face. *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181, 188 (236 SE2d 265) (1977); *Walker*, supra at 538.

ALW argues that Section (H.) is not a restrictive covenant because it does not explicitly prohibit McKinney from doing anything. This section provides that any attempt by McKinney to induce a MILICO policyholder to reduce, terminate or replace a policy of insurance will constitute unauthorized interference with the contractual rights of ALW. Regardless of the terms in which Section (H.) is couched, it is a non-solicitation covenant in effect. *Club Properties v. Atlanta Offices-Perimeter*, 180 Ga. App. 352, 353 (348 SE2d 919) (1986). Section (H.) contains no geographical or time limits, and is void on its face. *Fuller v. Kolb*, 238 Ga. 602, 603 (234 SE2d 517) (1977); *Schultz*, supra at 188.

Sections (I.) and (J.) comprise a non-recruitment covenant which prohibits McKinney, for a period of two years, from recruiting ALW employees. Section (K.) is a non-disclosure covenant which prohibits McKinney, for a period of four years, from using, disseminating or revealing certain confidential information or trade secrets. We need not address these covenants beyond stating that both contain the same tolling provision providing that the two and four-year duration periods are tolled and suspended while McKinney is in violation of the covenant. Since this clause effectively extends in perpetuity the potential duration of the covenants, it renders both unreasonable and unenforceable on their face. *Club Properties*, supra at 355 (non-recruitment covenant unenforceable for lack of reasonable time limit); *U3S Corp. v. Parker*, 202 Ga. App. 374, 378 (414 SE2d 513) (1991) (non-disclosure clause without reasonable time limitation is unenforceable).

The trial court correctly concluded that the covenants were void, and that McKinney was entitled to judgment on the pleadings as to counts one, two and three of the complaint, which alleged breach of the covenants.

*Judgment affirmed in Case Nos. A92A0327 and A92A0355. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JULY 9, 1992 —
RECONSIDERATION DENIED JULY 27, 1992 — 

*King & Spalding, Frank C. Jones, Michael E. Ross, Leticia D. Alfonso*, for appellants.

*Rogers & Hardin, C. B. Rogers, Peter W. Schneider, Liane A. Schleifer, Glover & Davis, J. Littleton Glover, Hull, Towill, Norman & Barrett, Patrick J. Rice*, for appellee.