A94A0209, A94A0210. GYNECOLOGIC ONCOLOGY, P.C.
v. WEISER; and vice versa.
(443 SE2d 526)

BIRDSONG, Presiding Judge.

Gynecologic Oncology, P.C. (GOPC) brought suit against Dr. Edward B. Weiser to enforce a professional employment agreement and a promissory note; the complaint contained four counts. In Count I, GOPC sought recovery of liquidated damages resulting from the alleged breach of a covenant not to compete in the employment agreement; in Counts II-IV, GOPC sought to recover the outstanding balance allegedly owed under an unsecured promissory note of Dr. Weiser with interest and attorney fees. Dr. Weiser filed an answer and counterclaim averring a variety of claims, including claims for declaratory judgment, attorney fees, and litigation expenses.

The parties filed cross-motions for summary judgment. The trial court granted GOPC's motion for summary judgment as to Counts II and III of its complaint; denied GOPC's motion for summary judgment as to Counts I-VIII of Dr. Weiser's counterclaim; granted Dr. Weiser's motion for summary judgment on Count I of GOPC's complaint; denied GOPC's motion for summary judgment on Counts I and IV of its complaint; and denied Dr. Weiser's motion for summary judgment as to Count IV of the complaint. GOPC appeals and Dr. Weiser cross-appeals. *Held:*

## Case No. A94A0209

1. On summary judgment, movant has the burden of showing there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). However, at summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474).

2. The record establishes that, less than five months from the date he terminated his employment with GOPC, Dr. Weiser opened a medical office, a professional corporation, within one-half mile of GOPC's office; this was done notwithstanding a covenant not to compete in the employment contract. The covenant in essence provides

that Dr. Weiser will refrain for a two-year period, following termination of employment, from conducting the practice of medicine in any capacity within a radius of ten miles of the GOPC office where he was employed (a certain address in a hospital complex). The two-year period, however, was subject to being tolled pursuant to the following provision: "The provisions of this paragraph 6 are intended to constitute an agreement in partial restraint of trade, of the type described in OCGA § 13-8-2.1 (c). Such provisions shall be construed accordingly. Any violation of the restraint shall automatically toll and suspend the duration of this post-employment covenant for the amount of time that the violation continues, provided that employer seeks enforcement promptly after discovery of the violation."

"This tolling provision potentially extends the duration of the covenant without limit and renders it unreasonable and unenforceable on its face." *ALW Marketing Corp. v. McKinney*, 205 Ga. App. 184, 188 (421 SE2d 565). Moreover, the tolling provision is not severable and renders the entire covenant invalid and unenforceable. *ALW Marketing Corp. v. Hill*, 205 Ga. App. 194, 198 (5) (422 SE2d 9). *McKinney* and *Hill* are not distinguishable and are controlling as to these issues. The trial court did not err in granting Dr. Weiser's motion for summary judgment as to Count I of GOPC's complaint and denying GOPC's motion for summary judgment as to said count.

3. Appellant GOPC asserts the trial court erred in denying GOPC's motion for summary judgment as to Count I of Dr. Weiser's counterclaim seeking declaratory judgment. In view of our holding in Division 2 above, this issue is moot.

4. The trial court did not err in denying GOPC's motion for summary judgment with respect to Count II (amounts due under the employment agreement), Count III (amounts due outside the professional agreement), Count IV (accounting), Count V (setoff; see *Ben L. O'Callaghan Co. v. Bond Supply Co.*, 138 Ga. App. 186 (1) (225 SE2d 774)), Count VI (tortious interference with business relationships), Count VII (fraud and fraud in the inducement to contract) and Count VIII (attorney fees and litigation expenses; compare *Gunnin v. Dement*, 205 Ga. App. 631, 633 (2) (422 SE2d 893) and *Bowdish v. Johns Creek Assoc.*, 200 Ga. App. 93, 95 (4) (406 SE2d 502) with *Elsner v. Cathcart Cartage Co.*, 124 Ga. App. 615 (1) (184 SE2d 685)) of Dr. Weiser's counterclaim. There exist genuine issues of material fact within the meaning of *Moore*, supra, as to these counterclaims, including the issue of fraud (albeit the evidence of fraud is by no means compelling). While generally hearsay evidence (unless part of the res gestae) has no probative value in summary judgment proceedings (*Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (2a) (397 SE2d 576)), opinion evidence can preclude grant of summary judgment. *Mitchell v. Rainey*, 187 Ga. App. 510, 513 (370 SE2d 673).

## Case No. A94A0210

5. Dr. Weiser asserts the trial court erred in granting GOPC's motion for summary judgment on Count II of its complaint (promissory note). This contention is without merit.

The trial court has discretion to permit affidavits and other admissible evidence in summary judgment proceedings to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. OCGA § 9-11-56 (e). Generally, when signatures are admitted or established, production of a note entitles a holder to recover on it unless the defendant establishes a defense (and even then if the plaintiff can successfully overcome any defense raised). *Gate City Furniture Co. v. Rumsey*, 115 Ga. App. 753 (2) (156 SE2d 221).

Under the Civil Practice Act, an ex delicto counterclaim may be asserted against an ex contractu action. See OCGA § 23-2-76; *Ben L. O'Callaghan Co. v. Bond Supply Co.*, supra. Cross-appellant asserts, inter alia, by way of purported defense, the right of equitable setoff pursuant to OCGA § 23-2-76. Under the facts before us, the type of setoff asserted by cross-appellant, Dr. Weiser, does not operate as a denial of GOPC's claim on the note. Rather such a setoff merely allows Dr. Weiser to setoff a debt owed him by GOPC, if any is proven at trial, against the claim of the GOPC on the note. "As such, it must be asserted as a counterclaim rather than a defense . . . This is true whether [Dr. Weiser's] claim of setoff be asserted as a legal right pursuant to OCGA § 13-7-5 or as an equitable right pursuant to OCGA § 23-2-76." *Nat. City Bank of Rome v. Busbin*, 175 Ga. App. 103, 106 (3) (332 SE2d 678).

GOPC has established, through the note at issue, admissions of Dr. Weiser and its own responses to interrogatories, a prima facie case of indebtedness by Dr. Weiser on the note in the amount $41,773.20 as averred in Count II of its complaint. Dr. Weiser has responded with generalized conclusory testimony to the effect that he owes GOPC approximately $39,000 "and change." See *Sullivan v. Fabe*, 198 Ga. App. 824, 826 (403 SE2d 208). "In response to a motion for summary judgment, the non-moving party may not rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial. . . . [Dr. Weiser] has not met his burden to go forward with this claim." *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47).

6. Dr. Weiser asserts that in light of the lower court's error in granting summary judgment on the note, the grant of prejudgment interest is also in error, requiring reversal. The trial court did not err in granting summary judgment on the note. See generally OCGA § 7-4-15; compare *Vulcan Life Ins. Co. v. Davenport*, 191 Ga. App. 79, 84 (5) (380 SE2d 751), overruled on other grounds, *Santiago v. Safeway*

*Ins. Co.*, 196 Ga. App. 480, 482 (396 SE2d 506).

7. The trial court did not err in denying Dr. Weiser's motion for partial summary judgment as to Count IV of GOPC's complaint for attorney fees and litigation expenses. There exist genuine issues of material fact regarding this claim within the meaning of *Moore*, supra, and *Lau's Corp.*, supra.

We conclude that all enumerations of error of appellant and cross-appellant are without merit.

*Judgments affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 8, 1994.

*Boyce, Ekonomou & Atkinson, Andrew J. Ekonomou, Catherine M. Packwood*, for appellant.

*Powell, Goldstein, Frazer & Murphy, Douglas L. Brooks, W. Dennis McKinnie, John W. Harbin*, for appellee.