A94A2516, A94A2517. BANCA NAZIONALE DEL LAVORO v. UNDERWRITERS OF LLOYD's et al. (two cases).
A94A2518, A94A2519. BANCA NAZIONALE DEL LAVORO v. LLOYD'S UNDERWRITERS NONMARINE ASSOCIATION et al. (two cases).

(458 SE2d 142)

McMURRAY, Presiding Judge.

These four appeals arise from two cases and one judgment below. The controversy in both superior court cases involves essentially the same parties and issues. (Apparently the plaintiffs Underwriters of Lloyd's in the declaratory judgment action are the same parties as the individually named defendants in the damage action, and they shall be referred to collectively as Lloyd's.) In one superior court action, plaintiff Underwriters of Lloyd's sought a declaratory judgment that it has no obligation under an insurance policy (alternatively referred to as a bond) issued to Banca Nazionale del Lavoro ("BNL"), an Italian bank. Also named as defendants in the declaratory judgment action along with BNL are ten former employees of the Atlanta branch of BNL. BNL answered the complaint in the declaratory judgment action and filed its counterclaim seeking the full value of the insurance policy plus an additional amount for bad faith refusal to pay.

In the second superior court action, BNL's complaint sought a recovery under the insurance policy at issue plus an additional amount for bad faith refusal to pay its claim, naming as defendants the four individual Lloyd's underwriters obligated by the insurance policy. Lloyd's answered and joined the ten former employees of BNL as third-party defendants.

The controversy involves the fidelity coverage afforded by the policy in regard to employees of certain branches of BNL located in the United States. BNL has filed a proof of loss asserting that employees of its Atlanta branch acted dishonestly, exceeded lending limits, and otherwise improperly committed the bank via unauthorized loans and credit extensions, and that these actions resulted in losses to the bank greatly exceeding the policy limits, as well as financial benefit to the employees. Lloyd's has refused to pay the claim, relying upon a policy provision which provides that: "This bond terminates as to any Employee . . . as soon as any Insured, or any director or officer not in collusion with such person, learns of any dishonest or fraudulent act committed by such person. . . ." Lloyd's maintains that the fidelity provisions were void ab initio since officers and employees of BNL outside of the Atlanta branch knew or should have known of the dishonest activities of the Atlanta branch employees before the policy was issued.

In both actions, Lloyd's moved for partial summary judgment against BNL on its bad faith claim. Lloyd's also moved in both ac-

tions for summary judgment against BNL on all issues. These motions for partial summary judgment and for summary judgment were considered jointly, and following a hearing, all were granted. Duplicate notices of appeal were filed by BNL in each superior court case so that Case Nos. A94A2516 and A94A2517 are the same appeal taken from the judgment in the declaratory judgment action. Case Nos. A94A2518 and A94A2519 are also the same appeal taken from the judgment in the action for damages.

In BNL's brief on appeal, it has apparently abandoned the claims for additional sums predicated upon Lloyd's alleged bad faith refusal to pay. BNL notes that the superior court has rejected the bad faith claim and states that "BNL does not appeal the dismissal of the bad faith claim." Although this concession is somewhat obscured by being placed on the third page of the brief in a paragraph containing no references to the motions granted by the superior court, but only references to a motion for partial summary judgment in the action for damages which was never explicitly ruled upon, the plain language of BNL's statement is not subject to misinterpretation. Pursuant to this concession, the grant of partial summary judgment on the bad faith claims must be affirmed and the grant of summary judgment in favor of Lloyd's on all issues must be at least partially affirmed as to this issue. *Held*:

We need not address most of the arguments presented by the parties in order to conclude that the grant of summary judgment in favor of Lloyd's must be reversed as to all issues which remain following BNL's abandonment of the bad faith claim. The policy provision, quoted above, upon which Lloyd's relies to terminate its obligation does not relate to the former employees of the Atlanta branch of BNL collectively but instead as individuals. If the policy is terminated under this provision as to one employee, the question remains as to whether it continues to provide coverage in regard to other employees. Ten former employees of the Atlanta branch of BNL are alleged to have participated in the dishonest actions which resulted in BNL's loss. However, when we look to the evidence supposedly demonstrating BNL's knowledge of dishonesty or fraudulent acts on the part of Atlanta branch employees such as would terminate the policy, we find no connection between this evidence and most of the named employees. While the record on appeal is quite voluminous, the hearing before the superior court focused upon a limited number of transactions and the superior court identified three particular documents as relating to the grant of Lloyd's motions. Yet, few if any of the Atlanta branch employees can be identified as being associated with or having any part in the incidents or transactions underlying these documents. Nor is there evidence that an inquiry concerning these, nor other, transactions or incidents would reveal dishonesty on the part of all of

the bank's Atlanta branch employees. Neither the evidence emphasized at the motion hearing nor any other referenced on this appeal, or discovered via our examination of the record, would terminate coverage as to all of the employees. As the bank's claim is predicated on losses allegedly caused by the dishonesty of a large number of employees and the evidence does not establish that the policy was terminated as to each such employee, there remains the possibility of a recovery on the policy by the bank demonstrating a loss caused by an employee as to whom the policy was not terminated.

Lloyd's, as movant, had the burden to show there is no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law. In ruling on a motion for summary judgment, the superior court should construe the evidence and all inferences and conclusions most favorably toward the party opposing the motion. *Williams v. Food Lion*, 213 Ga. App. 865 (1) (446 SE2d 221); *Miller v. Rieser*, 213 Ga. App. 683, 687 (1) (446 SE2d 233); *Gynecologic Oncology, P.C. v. Weiser*, 212 Ga. App. 858 (1) (443 SE2d 526); *Green v. Johnston Realty*, 212 Ga. App. 656, 657 (1) (442 SE2d 843). Lloyd's having failed to satisfy its burden as movant, the grant of summary judgment in favor of Lloyd's on issues other than the bad faith claim was error.

*Judgments affirmed in part and reversed in part. Pope, P. J., and Smith, J., concur specially.*

Smith, Judge, concurring specially.

1. Because BNL does not appeal the dismissal of the bad faith claim, I agree with the majority's affirmance of the grant of summary judgment in favor of Lloyd's on this claim in both the declaratory judgment action and the damages action.

2. I also agree with the majority that summary judgment was inappropriate as to the remaining issues. However, I cannot agree with the analysis relating to these issues in the majority opinion. In my view, the exact meaning of § 12 of the policy is not clear. Its construction, therefore, was a question for the court. OCGA § 13-2-1. The record contains no indication of how the trial court construed § 12.

However, resort to our own construction of § 12 of the policy is not necessary in order to arrive at the conclusion that summary judgment was improperly granted as to the remaining issues. In this case, which involves one of the largest bank frauds in history, the voluminous record is replete with factual disputes. Most of these involve the issue of whether, and if so, when, BNL had knowledge that its employees in Atlanta were dishonest. That issue is material both to BNL's claim on the policy and to Lloyds's defense. It must be resolved by a jury.

The three pieces of evidence upon which the trial court's judg-

ment primarily rested — the BSI telex, the auditor's note, and the "Porzio memorandum" — are insufficient to support a grant of summary judgment. "We are bound by the premise that in motions for summary judgment, the evidence must be construed most favorably toward the party opposing the grant of the same; and most unfavorably toward the party applying for the motion for summary judgment. All inferences and conclusions which arise from the evidence must be likewise construed. [Cits.] The cardinal rule of the summary [judgment] procedure is that the court can neither resolve facts nor reconcile the issues but only look to ascertain if there is an issue. [Cit.]" *Daniel v. Bank South Corp.*, 183 Ga. App. 274, 277 (358 SE2d 664) (1987).

Here, differing inferences and conclusions may be drawn, and were in fact drawn, by the parties from the facts surrounding each of these exhibits. The trial court improperly resolved these conflicts in favor of Lloyd's. Only a jury may do that.

Because I agree that the trial court's grant of summary judgment in favor of Lloyd's on the remaining claims must be reversed, I concur in the judgment of the majority.

I am authorized to state that Presiding Judge Pope joins in this special concurrence.

DECIDED MAY 10, 1995.

*King & Spalding, Walter W. Driver, Jr., Richard A. Schneider*, for appellant.
*Phillips & Reid, Brendan F. Flanagan*, for appellees.