## A94A2773. PAUL ROBINSON, INC. v. HAEGE.
### (462 SE2d 396)

BEASLEY, Chief Judge.

Paul Robinson, Inc., sued Haege, alleging violation of a non-competition covenant ancillary to an employment contract.

Robinson, which is engaged in the business of buying and selling decorative art, employed Haege as a salesperson. In the employment agreement, Haege agreed that during the term of the agreement and for a period of one year after its termination, he would not contact any customer or customers of Robinson whom he had called upon within the sales territory, for the purpose of selling decorative art in competition with Robinson. A prescient provision states that "[i]n the event the enforceability of any of the terms of this Agreement shall be challenged in Court and [Haege] is not enjoined from breaching any of the protective covenants, then if a court of competent jurisdiction finds that the challenged protective covenant is enforceable, the time periods . . . shall be deemed tolled upon the filing of the lawsuit challenging the enforceability of this Agreement until the dispute is finally unsolved [sic] and all periods of appeal have expired."

Robinson sought to enjoin Haege from violation of the covenant through a temporary restraining order as well as by interlocutory and permanent injunctions. Although Haege did not oppose the court's grant of a temporary restraining order, he did oppose the motion for an interlocutory injunction. Among other things, he argued that the non-solicitation covenant is unenforceable in that the tolling provision potentially extends the duration of the covenant without limit, thus rendering it unreasonable under *Gynecologic Oncology, P. C. v. Weiser*, 212 Ga. App. 858, 859 (2) (443 SE2d 526) (1994), and *ALW Mktg. Corp. v. McKinney*, 205 Ga. App. 184, 188 (421 SE2d 565) (1992). The court agreed and entered an order dissolving the temporary restraining order and denying Robinson's motion for an interlocutory injunction. It appears that this case is an "equity case," within the meaning of *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991). Under *Beauchamp*, " 'equity cases' are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court — whether that relief was granted or denied. Cases in which the grant or denial of such relief was merely ancillary to underlying issues of law, or would have been a matter of routine once the underlying issues of law were resolved, are not 'eq-

uity cases.' " Id. at 609 (2).

The substantive issue in this appeal involves the propriety of the superior court's denial of injunctive relief on the ground that the covenant sought to be enforced is unreasonable. This involves both the trial and appellate resolution of equitable issues as well as the grant of equitable relief. See *Clein v. Kapiloff*, 213 Ga. 369 (98 SE2d 897) (1957). Accordingly, we transferred this case to the Supreme Court, but the case was transferred back to us. We thus decide the case because the decision of the Supreme Court binds us. Ga. Const., Art. VI, Sec. VI, Par. VI.

*ALW*, supra, held that a provision stating that the running of the covenant would be tolled and suspended while the employee was in violation of it potentially extended the duration of the covenant without limit and rendered it unreasonable and unenforceable on its face. On the authority of *ALW* the court in *Weiser* struck down a similar covenant, which was also conditioned on the employer's seeking enforcement promptly after discovery of the violation.

This case differs from *ALW* and *Weiser*. The tolling provisions in those cases were triggered by a covenant violation, which may extend indefinitely. Under them, an employer could have brought suit to enjoin an employee's violation of the covenant far beyond the time period during which it reasonably could have been enforced. In contrast, the tolling provision in this case can only be triggered if the enforceability of the covenant is challenged in a lawsuit instituted during either the term of the agreement or the one-year post-termination period when the covenant is in force. If the employee is not enjoined from breaching it but a court of competent jurisdiction later finds it enforceable, the time period is tolled during the pendency of the lawsuit until appeal periods have expired.

If an appellate court reverses a trial court's determination that a covenant is unenforceable, refusal to give effect to such a tolling provision would reward the employee's breach of contract, encourage protracted litigation, and provide an incentive to engage in dilatory tactics. *Roanoke Engineering Sales Co. v. Rosenbaum*, 290 SE2d 882, 886 (2) (Va. 1982). It would nullify in major part the covenant's effectiveness. *Capelouto v. Orkin Exterminating Co. of Fla.*, 183 S2d 532, 535 (7) (Fla. 1966). Tolling provisions similar to this have been found enforceable in other states. See *Arrow Chem. Corp. v. Pugh*, 490 SW2d 628, 633 (6) (Tex. Civ. App. 1972) (cited in *Roanoke*, supra at 886). In cases such as *Roanoke* and *Capelouto*, equity has given prospective enforcement to covenants where the employee was in violation of them during the pendency of the litigation. All things considered, we hold that the tolling provision in this case is reasonable and enforceable.

Haege argues that the prohibition against his contacting any cus-

tomer within the sales territory whom he called upon during the term of the agreement, regardless of whether the call led to the customer becoming Haege's customer, is overbroad. This argument is without merit. *Nunn v. Orkin Exterminating Co.*, 256 Ga. 558, 559 (1a) (350 SE2d 425) (1986).

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 25, 1995 —
RECONSIDERATION DENIED SEPTEMBER 22, 1995 —

*Oliver, Duckworth, Sparger & Winkle, G. Robert Oliver*, for appellant.

*Driebe & Driebe, Charles J. Driebe, J. Ronald Stegall, Jr.*, for appellee.