A04A1719. SUBURBAN NEUROSURGICAL SPECIALISTS, P.C.
v. JIMENEZ.
(608 SE2d 256)

JOHNSON, Presiding Judge.

Suburban Neurosurgical Specialists, P.C. appeals from the trial court's denial of its motion to extend an interlocutory injunction. We affirm for the reasons set forth below.

Omar F. Jimenez was employed by Suburban as a neurosurgeon. Pursuant to their employment agreement, Jimenez was restricted from practicing neurosurgery within a five-mile radius of Kennestone Hospital for a period of eighteen months after termination of his employment. Jimenez was also restricted during this period from diverting or attempting to divert certain of Suburban's patients for

---

[5] *Wilson v. State*, 277 Ga. 195, 197-199 (2) (586 SE2d 669) (2003).
[6] Id. at 198.

the purpose of performing neurosurgery. Jimenez's employment with Suburban ended on August 16, 2002.

On January 27, 2003, Suburban filed an action to restrain and enjoin Jimenez from violating the terms of the employment agreement. On May 8, 2003, the trial court granted Suburban's motion for an interlocutory injunction. The trial court subsequently issued its order of May 25, 2003, enjoining Jimenez from practicing neurosurgery within five miles of Kennestone Hospital and from diverting or attempting to divert certain of Suburban's patients for the purpose of performing neurosurgery. The interlocutory injunction expired on February 16, 2004.

On January 21, 2004, Suburban filed a motion to extend the interlocutory injunction from February 16, 2004, to June 10, 2004. According to Suburban, the extension was justified by the tolling provision in the employment agreement, which provided that the time period associated with the restrictive covenants would be suspended during the period Jimenez contested the enforceability of the covenants in court.[1] After hearing the arguments of counsel and considering the parties' briefs and affidavits, the trial court denied Suburban's motion to extend the interlocutory injunction. This appeal followed.

"Generally, the trial court has broad discretion to decide whether to grant or deny an interlocutory injunction. We will not disturb the trial court's decision absent a manifest abuse of that discretion."[2] Suburban contends the trial court erred in failing to extend the interlocutory injunction because the employment agreement's tolling provision is enforceable under authority of *Paul Robinson, Inc. v.*

---

[1] The provision provides:

In the event that [Jimenez] shall contest the enforceability of any provision of the [employment agreement] in any court of competent jurisdiction, including but not limited to, the provisions of Section 13[, hereof], then any time period associated with any such challenged provision, including the Restrictive Covenant Period, shall be deemed suspended at the time of filing the action in which such enforceability is contested. In the event that such court of competent jurisdiction upholds the enforceability of any provision, all periods of appeal having expired thereon, then the remaining portion of any such time period shall automatically thereafter once again become effective. For purposes of this [section], the remaining portion of any such time period shall be the difference between the full stated time period in the [employment agreement] relating to any such provision, less any time that [Jimenez] complied with such provision prior to the filing of the aforesaid action, less any time that [Jimenez] was restrained by temporary restraining order, permanent injunction or similar order issued by any court of competent jurisdiction from violating any such provision during the [pendency] of such action or proceeding.

[2] (Footnotes omitted.) *Covington v. D. L. Pimper Group, Inc.*, 248 Ga. App. 265, 266-267 (546 SE2d 37) (2001). See also OCGA § 9-5-8 (granting of injunctions rests in the sound discretion of the judge, according to the circumstances of each case).

*Haege.*[3] Jimenez does not, however, directly contest the enforceability of the tolling provision. Rather, he contends, consistent with an argument made to the trial court below, that Suburban was barred by laches and was equitably estopped from seeking an extension of the interlocutory injunction.[4]

"Laches is principally a question of the inequity in allowing a claim to be enforced. Among the factors to consider in determining whether laches applies are the length of the delay, the reasons for it, the resulting loss of evidence, and the prejudice suffered."[5] "[T]he question of laches is addressed to the sound discretion of the trial court, and on appeal the exercise of that discretion will not be disturbed unless it is so clearly wrong as to amount to an abuse of discretion."[6]

The record shows that Suburban delayed in attempting to enforce the employment agreement's tolling provision until less than a month before the date the interlocutory injunction was to expire. We see no reason why Suburban could not have brought the tolling provision to the court's attention at a significantly earlier time. Notably, Suburban pursued its initial request for an interlocutory injunction without raising the issue of the tolling provision, and Suburban requested and received an injunction which expired on February 16, 2004.[7] Furthermore, in a February 24, 2004 affidavit, Jimenez averred that he had, in reliance on the February 16, 2004 expiration date of the interlocutory injunction, expended $50,000 to lease, staff and outfit an office close to Kennestone Hospital, and he had three patients scheduled for surgery at Kennestone Hospital that Friday. Thus, the trial court could conclude that Jimenez would suffer unfairly from Suburban's delay in enforcing the employment agreement's tolling provision if the injunction were extended. It is well established that the equitable relief of injunction is not available to a person who, with full knowledge of his or her rights, has been guilty of delay in asserting them, and has allowed large expenditures to be made by another party who would be greatly injured by the grant of

---

[3] 218 Ga. App. 578 (462 SE2d 396) (1995).

[4] In the alternative, Jimenez contends the tolling provision is inapplicable because he never contested the validity of the restrictive covenants. However, Jimenez did challenge the covenants as an unreasonable restraint of trade, among other things, in his answer to the original complaint.

[5] (Footnotes omitted.) *City of Dalton v. Carroll,* 271 Ga. 1 (515 SE2d 144) (1999).

[6] (Citations and punctuation omitted.) *McClure v. Davidson,* 258 Ga. 706, 708 (2) (373 SE2d 617) (1988).

[7] The initial complaint only cites to provisions of the employment agreement that would result in an injunction that would expire on February 16, 2004. The trial court's May 23, 2003 order, which provides for an injunction expiring on February 16, 2004, was presented to the court by Suburban's counsel.

the injunction.[8]

Suburban argues that Jimenez was not unfairly prejudiced by Suburban's attempt to enforce the tolling provision because Jimenez was aware of this provision, and he had agreed to comply with the terms of the employment agreement, through which he had received significant benefits. The tolling provision was specifically mentioned by Suburban's counsel in a letter to Jimenez's counsel on October 14, 2002, and Suburban demanded that Jimenez comply with the tolling provision in a letter to his attorney on November 13, 2003. Nevertheless, Jimenez was under a court ordered injunction, as requested by Suburban, which expired on February 16, 2004, and the trial court could conclude it was reasonable for Jimenez to proceed with plans to recommence his practice at Kennestone with that date in mind. Furthermore, to the extent the November 13, 2003 correspondence could be deemed a threat to commence legal proceedings, such a threat will not exclude the consequences of laches.[9] Suburban also contends that it had previously instituted legal proceedings to enforce its rights under the employment agreement, and "laches is not a remedy for delay during litigation, but is an affirmative defense asserting an inequitable delay in instituting a proceeding."[10] However, Suburban's request for an extension to the interlocutory injunction cannot be fairly characterized as a delay during litigation. Suburban received the equitable relief it sought through its initial request for an interlocutory injunction, and the request for extension was a claim for additional relief. We conclude that the trial court did not abuse its discretion in refusing to grant Suburban's request for an extension to the interlocutory injunction.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 22, 2004.

*C. Fred Reeves*, for appellant.
*Balch & Bingham, Michael J. Bowers, Adeline A. Johnson*, for appellee.

---

[8] *Bacon v. Edwards*, 234 Ga. 100, 102 (214 SE2d 539) (1975).
[9] See id. at 103.
[10] *Stuckey v. Storms*, 265 Ga. 491 (1) (458 SE2d 344) (1995).